### CHRISTMAN v BEAMER

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 20, 1934

Charles Koonce, Jr., Youngstown, for plaintiff in error.

F. H. Hahn, Youngstown, for defendant in error.

going, the defendant in error, as above stated, filed a motion in this court to dismiss for want of jurisdiction and upon the ground that the order made and entered by the court below is not such a final order as from which error can be prosecuted to this court. However, it may be observed in passing that it is deemed best to, pass upon the merits of the controversy here involved. A suitable method would have been to have prepared and filed affidavits setting forth the facts, and which later might and could have been made into a bill of exceptions and which would have constituted the case. However, this was not done, and in any event it is deemed best to waive aside the question of the motion and decide the matter upon the merits of the cause. It may be observed, however, that it would be difficult to understand why §11363 GC would not apply in this cause and settle the question involved in the motion. The issue raised upon the merits is that the finding of the trial court is against the weight of the evidence. However, it may be said that while several witnesses were called and examined, yet a perusal of the testimony leads to the conclusion that this court could not and should not disturb the conclusion of the court below upon the weight of the evidence; that is to say, that the same is not against the manifest weight of the evidence. Nor is it deemed necessary or believed that it would be profitable to refer in detail to the testimony of the various witnesses, for the reason that the same is well understood by counsel. Therefore, it is sufficient to say in conclusion that this court does not feel constrained to find that the conclusion of the court below is against the weight of the evidence, and for the reason given the judgment is affirmed.

Judgment affirmed.

LYNCH and ROBERTS, JJ, concur in judgment.

## OPINION

By FARR, J.

Without a further recital of the facts, it is sufficient to say, in view of the fore-